# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE EDWARD MCQUEEN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-4409 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254 challenging his two convictions for aggravated sexual assault of a child.  Respondent filed a motion for summary judgment (Docket Entry No. 14), to which petitioner responded (Docket Entries No. 18, 19.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

### *Procedural Background and Claims*

Petitioner, who proceeded *pro se* at his jury trial, was convicted of two counts of aggravated sexual assault of a child and sentenced as a habitual offender to life imprisonment.  The convictions were affirmed on direct appeal.  *McQueen v. State*, Nos. 14-05-192-CR, 14-05-193-CR, 2006 WL 2548219 (Tex. App. – Houston [14th Dist.] pet. ref'd).

The Texas Court of Criminal Appeals refused discretionary review and denied petitioner's two applications for state habeas relief. *Ex parte McQueen*, Applications No. 36,763-03, -4.

Petitioner raises the following grounds for federal habeas relief, which have been regrouped and renumbered by the Court for clarity and convenience:

(1)    The evidence is insufficient to support the convictions.

(2)    The trial court failed to require the State to elect timely the specific incidents of sexual intercourse it intended to prove at trial.

(3)    The State committed prosecutorial misconduct by presenting perjured testimony and improperly designating its outcry witness.

(4)    The trial court failed to hold a hearing under Article 38.072 of the Texas Code of Criminal Procedure.

(5)    The trial court's evidentiary rulings violated his constitutional rights.

(6)    The trial court denied him access to state agency records.

(7)    Appellate counsel provided ineffective assistance of counsel.

Respondent argues that these grounds should be summarily dismissed for lack of merit and/or as procedurally defaulted and barred from consideration by the Court.

### *Factual Background*

The state court of appeals set forth the following statement of facts in its opinion affirming petitioner's convictions on direct appeal:

On February 24, 2001, appellant and Bennie Ross, complainant's mother, were involved in a heated argument. Complainant, L.M. [FN. Because complainant is younger than 18 years' old, we use only her initials.], was so upset about this argument – one of many between her parents [FN.  Appellant and Bennie Ross

2

are complainant's parents, and have another child together.  However, they have never been married.] – that she went next door to a family member's home.  Once at the other home, L.M. telephoned her father and told him 'he [had] broken his promises to her and that she was going to break her promise to him.'  Testimony fleshed out that L.M. had promised not to tell of his sexual assaults against her in exchange for his better treatment of her mother.

After this phone call, L.M. confided in her cousin, Monica Revis, about how appellant had sexually assaulted her, According to L.M., appellant engaged in sexual intercourse with her over a period of years, beginning when she was ten or eleven years old. [FN.  Upon appellant's motion, the State elected two instances of sexual abuse, though the jury heard evidence of numerous instances of sexual abuse.] After L.M. informed her cousin of the abuse, other family members were notified, and eventually the State became involved.

The Children's Assessment Center ('CAC') interviewed complainant regarding the abuse.  Complainant also received a thorough medical examination, which was inconclusive as to whether or not complainant had been abused, or even had sexual intercourse.  However, a physician who specializes in child sexual abuse, testified that it is normal for female genitalia of a girl L.M.'s age [FN.  At trial, L.M. was seventeen years old.  However, the abuse was alleged to have begun when she was ten or eleven years old.  The medical examination took place when L.M. was thirteen years old.] to heal quickly and perfectly with no permanent signs of physical trauma.  Indeed, the State's medical expert testified that girls can be found with seminal fluid in their genitalia, or infected with a sexually transmitted disease. but have perfectly intact hymens and no physical trauma.

During the CAC interview, L.M. gave specific information about the abuse such as where appellant would abuse her and the positions he would use.  Complainant repeated these details in extended trial testimony, including a lengthy cross examination from her father, the *pro se* defendant below.  She was unwavering in all details regarding the abuse.

Although appellant did not testify in his own defense, he did present witnesses.  Some of those witnesses were hostile to his case; others were more favorable – such as his mother, his sister, an investigator appointed by the trial court, and most notably, a physician who specializes in pediatric and adolescent gynecology.  While most of appellant's witnesses either testified as to his

innocence – namely, his mother and sister – or to highlight appellant's conspiracy theory regarding the charges, appellant's expert directly contradicted the State's medical expert.

According to appellant's expert, it is impossible for a man of appellant's age with appellant's genitalia to have intercourse with a child of L.M.'s age multiple times without permanent damage to the child's genitalia. Further, appellant's expert testified that while he does not specialize in child sexual trauma, that his medical knowledge supported only one conclusion: if appellant had engaged a child sexually as alleged in this case, there would be verifiable evidence. The jury thus heard dueling medical experts, both highly credentialed and respected in their fields, and both with expertise in child female genitalia.

Ultimately, the jury found appellant guilty of both counts of aggravated sexual assault. Appellant then requested the trial court appoint him counsel for the punishment phase, which it did; appellant also elected for the trial court to impose his sentence. After allowing the new counsel preparation time, the trial court heard punishment evidence, and sentenced appellant to life imprisonment. Appellant timely filed notice of appeal. He raises only one issue, namely, that the evidence is factually insufficient to sustain his conviction. We affirm.

*McQueen*, at *1–2.

### *The Applicable Legal Standards*

A.   <u>Habeas Review</u>

This petition is governed by the applicable provisions of the Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA,

federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court

unless the state adjudication was contrary to clearly established federal law as determined by

the Supreme Court, or involved an unreasonable application of clearly established federal law

as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330–31.

5

B.    Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue Software*, *Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings.  Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant.  Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court.  *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *Insufficiency of the Evidence*

Petitioner asserts that the evidence is insufficient to support the convictions. Petitioner unsuccessfully challenged the factual sufficiency of the evidence on direct appeal.

6

He challenged the legal sufficiency of the evidence in his application for state habeas relief, but the trial court found that petitioner's "challenges to the sufficiency of the evidence are not cognizable in post-conviction habeas proceedings." *Ex parte McQueen*, p. 555.  This Court may only consider "legal sufficiency" challenges on federal habeas review.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Because the state habeas court held that a legal sufficiency claim must be raised on direct appeal, and petitioner did not raise a legal sufficiency claim on direct appeal, the issue is procedurally defaulted and barred from consideration by this Court.  *See Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

Regardless, the evidence is sufficient to support petitioner's convictions.  In reviewing the sufficiency of the evidence, the federal standard for review is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319.  Under this standard, the jury may disregard any evidence it chooses to disregard, as it is the "responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts." *Id*.  Any contradictory testimony does not affect the validity of the guilty verdict.  *Id*.  The evidence can be sufficient to support a conviction under *Jackson* even when it also supports a claim of innocence.  *See Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991).

The evidence set forth by the state appellate court in its opinion affirming the convictions is itself sufficient to allow a rational trier of fact to convict petitioner of the allegations in the indictment and jury charge, and the evidence presented at trial was enough

to defeat a legal sufficiency challenge in a Texas appellate court.  Further, an independent review of the trial record reveals sufficient evidence under *Jackson* to support the jury's verdict.  Petitioner was charged with two counts of aggravated sexual assault under Texas Penal Code section 22.021, which required the State to prove that petitioner penetrated L.M.'s sexual organ with his sexual organ while she was younger than fourteen years of age. In doing so, the State relied primarily on the child's own unequivocal testimony regarding the details of the sexual assaults.  Although she could not place an exact time or age on each occurrence, such precision was not required, as the indictment charged the offenses through use of "on or about" language.  She did, however, clearly place her age at younger than fourteen years at the times of the assaults, and her testimony was sufficient to prove each element of the charged offenses.  *McQueen*, at *2.  Although petitioner complains that his expert witness testimony was "stronger" than the State's expert witness testimony, and that it was "obvious" L.M. and her mother had conspired to bring the charges, these were matters for the jury to weigh and determine.  Neither petitioner nor the record establishes insufficient evidence under the *Jackson* standard, and petitioner would not be entitled to habeas relief under his claim were it properly before the Court.

Respondent is entitled to summary judgment dismissing this issue as procedurally barred.

*Procedurally Defaulted Claims*

Respondent correctly asserts that petitioner's second through sixth federal habeas claims were not presented to the state courts in a procedurally proper manner, have been procedurally defaulted, and are now barred from consideration by this Court.

In rejecting petitioner's second through sixth habeas grounds, the trial court on collateral review made the following relevant findings:

1. Because the applicant failed to raise on direct appeal his instant habeas claim that the trial court abused its discretion and violated the applicant's due process and confrontation rights by denying the applicant access to investigation records of the Texas Department of Protective and Regulatory Services, the applicant is procedurally barred from raising the claim in the instant proceeding.

2. Because the applicant failed to raise on direct appeal his instant habeas claim that the trial court committed reversible error by failing to require the State to make an election in a timely manner, the applicant is procedurally barred from raising the claim in the instant proceeding.

3. Because the applicant failed to raise on direct appeal his instant habeas claim that the trial court denied the applicant an accurate an complete trial record for use on direct appeal, the applicant is procedurally barred from raising the claim in the instant proceeding.

4. Because the applicant failed to raise on direct appeal his instant habeas claim that the trial court erred in allowing outcry witness Monica Revis to testify without first conducting a hearing pursuant to TEX. CODE CRIM. PROC. art 38.072, the applicant is procedurally barred from raising the claim in the instant proceeding.

*Ex parte McQueen*, pp. 555–57 (citations omitted).  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

9

Under 28 U.S.C. § 2254(b)(1)(A), a state prisoner's federal habeas petition will not be granted unless he has exhausted his available state court remedies.  As a rule, a state prisoner's habeas claims may not be entertained by a federal court if (1) a state court has declined to address those claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds.  *Maples v. Thomas*, ___U.S.___, 2012 WL 125438, *9 (2012); *Walker v. Martin*, 562 U.S. ___, 131 S. Ct. 1120, 1127 (2011).

In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review.  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).  For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state which has jurisdiction to review a petitioner's conviction.  TEX. CODE CRIM. PROC. art. 44.45.  However, in order to satisfy the exhaustion requirement, a petitioner must have not only presented his claims to the highest state court, but he must have presented them in a procedurally correct manner.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  When a petitioner raises a claim in a procedural context in which the merits will not be considered, he has not "fairly presented" the claim to the state courts and, therefore, has not satisfied the statutory exhaustion doctrine.  *Id.*; *Satterwhite v. Lynaugh*, 886 F.2d 90, 92–93 (5th Cir. 1989).

In the instant case, petitioner did not raise these five claims on direct appeal. Although he raised the claims on state collateral review, the trial court found that the claims

should have been raised on direct appeal under state law and were defaulted.  *See Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989) (holding that state habeas petitions may not be used to litigate matters which should have been brought on direct appeal).  This finding constitutes an independent and adequate basis in state law barring federal habeas review.  *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  Because these claims are now procedurally barred under state law, the federal procedural default doctrine precludes federal habeas review by this Court.  *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse of the writ doctrine if raised in a successive habeas petition, to be procedurally barred).

For this Court to reach the merits of these procedurally defaulted claims, petitioner must establish "cause" for the procedural default and "actual prejudice" as a result of the alleged violation of federal law.  *See Coleman*, 501 U.S. at 750–51.  Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him, impeded his efforts to comply with the State's procedural rule.  *Id.* at 753. Petitioner argues in his response to the motion for summary judgment that he shows good cause for the default based on appellate counsel's failure to raise the issues on direct appeal. (Docket Entry No. 18, p. 19.)  Ineffective assistance of counsel on direct appeal can constitute cause sufficient to overcome a procedural bar.  *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009).  To prevail on this claim, petitioner must establish that (1) counsel's performance was so deficient that it cannot be said that he was functioning as "counsel"

within the meaning of the Sixth Amendment, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The state courts on collateral review rejected petitioner's claims of ineffective assistance of counsel. Accordingly, in order to proceed beyond his procedural default, petitioner must meet his burden of proof under AEDPA to show that the state court's determinations regarding ineffective assistance of appellate counsel merit reconsideration by this Court. That is, petitioner must establish that the state court's determinations of his claims regarding appellate counsel were objectively unreasonable applications of *Strickland*, or were objectively unreasonable in light of the evidence presented to the state court.

If petitioner meets these burdens of proof as to appellate counsel, only then may this Court review the merits of petitioner's procedurally defaulted claims. As discussed *infra*, petitioner fails to satisfy these burdens of proof.

### *Evidentiary Rulings*

As a separate habeas ground, petitioner lists numerous rulings by the trial court that he considers to be erroneous and in violation of his constitutional rights. (Docket Entry No. 1, p. 18.) For substantially all of these claims, the Court has already determined that they were not properly presented to the state courts and are procedurally barred: errors and rulings regarding the Texas Department of Protective and Regulatory Services records; errors and rulings regarding election of specific episodes of sexual assault; errors and rulings

12

regarding perjured testimony and an improper outcry witness; and errors and rulings regarding lack of a hearing under section 38.072 of the Texas Code of Criminal Procedure.

A few of the alleged erroneous rulings listed by petitioner[1] are not covered under the above defaulted claims; they include the following: hearsay rulings (R.R., Vol. 4, pp. 49, 110, 113; Vol. 5, pp. 17–19, 45, 82); a request that a witness be compelled to review records prior to cross-examination (R.R., Vol. 4, p. 78); and objections to non-responsiveness (R.R., Vol. 4, p. 124; Vol. 5, p. 13). Petitioner did not challenge any of these rulings on direct appeal, and they were not properly presented to the Texas Court of Criminal Appeals. Consequently, these alleged trial court errors are procedurally defaulted and barred from consideration at this juncture.

Regardless, a petitioner is entitled to federal habeas relief due to trial error only if the error had a substantial and injurious effect or influence on the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). Under *Brecht*, a constitutional trial error is not so harmful as to entitle a defendant to habeas relief unless there is more than a mere reasonable possibility that it contributed to the verdict. *Mayabb v. Johnson*, 168 F.3d 863, 868 (5th Cir. 1999). To be entitled to federal habeas relief due to a trial error, petitioner must show the error actually prejudiced him. *Brecht*, 507 U.S. at 637. A federal habeas court cannot grant relief based on a state trial court's evidentiary ruling unless the error is so

---

[1]Excluded by necessity are petitioner's asserted rulings that do not match the record references cited in his pleadings.

13

extreme that it constitutes a denial of fundamental fairness.  *Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998).  In addition, the erroneous admission of prejudicial evidence does not justify habeas relief unless the evidence played a "crucial, critical, and highly significant" role in the verdict.  *Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999).

The Court has reviewed these allegedly erroneous trial court rulings and finds that petitioner fails to meet his burden of proof under *Brecht*.  Petitioner fails to demonstrate that the trial court's rulings were erroneous and, assuming error, that they had a substantial effect or influence in determining the verdict.  Neither petitioner nor the record establishes trial court error of a federal constitutional dimension warranting federal habeas relief.

Respondent is entitled to summary judgment dismissal of these issues.

### Ineffective Assistance of Appellate Counsel

Persons convicted of a crime also are entitled to effective assistance of counsel on direct appeal.  *Evitts v. Lucey*, 469 U.S. 387 (1985).  This Court reviews counsel's appellate performance under the *Strickland* standards.  *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998).  Petitioner must allege and present facts showing that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice.  That is, petitioner must show that, but for appellate counsel's deficient performance, the outcome of the appeal would have been different.  *See Strickland*, 466 U.S. at 687–88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998).  Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal.  *Evitts*, 469 U.S.

at 394; *West*, 92 F.3d at 1396.  Nor will counsel be deficient for failing to press a frivolous point.  Rather, it means, as it does at trial, that counsel performs in a reasonable effective manner.  *Evitts*, 469 U.S. at 394.  A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful.  *Strickland*, 466 U.S. at 690–91.

Petitioner in the instant case claims that appellate counsel failed to raise the following errors on appeal:  the trial court's denial of his access to records of the Texas Department of Protective and Regulatory Services; the trial court's failure to require the State to elect timely the relevant incidents; the trial court's denial of a hearing under Article 38.072; the trial court's erroneous evidentiary rulings; perjured testimony; insufficiency of the evidence; an incomplete record on appeal.  As an initial and controlling observation, this Court notes that petitioner's trial objections did not preserve error regarding his claims for denial of due process, confrontation, and the right to present a defense.

Each of petitioner's instances of appellate counsel failure  is discussed separately, as follows.

A.    Access to Records

Petitioner complains that appellate counsel should have challenged on appeal the trial court's denial of his right to obtain records of the Texas Department of Protective and Regulatory Services for trial purposes.

15

In his affidavit submitted to the trial court on collateral review, appellate counsel testified in relevant part as follows:

> [Petitioner] represented himself at trial. As far as my recollection from the record, [petitioner] did not comply with the provisions of the Texas Family Code for obtaining CPS records. [Petitioner] claims that his objection to the procedure utilized was omitted from the record. This is false, as are his other claims about the state of the record. There was no showing of any harm from the disclosure of the records to the state.

*Ex parte McQueen*, Application No. 36,763-03, pp. 560–61.

In denying habeas relief, the trial court found that the facts asserted by appellate counsel in the affidavit were true and that the affidavit was credible. The trial court made the following relevant findings:

> 7.    The applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.
>
> 8.    The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel.

*Ex parte McQueen*, pp. 555–57 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

To prevail under this claim, petitioner must show that appellate counsel was deficient in failing to raise this issue on appeal and that, but for counsel's failure to raise this issue, he would have prevailed on appeal.

The trial court found as true and credible appellate counsel's affidavit statement that petitioner, acting as *pro se* trial counsel, did not comply with state law in attempting to obtain the state agency's records.   It is not the province of this Court to review the state court's application or interpretation of state law as to whether petitioner did, or did not, comply with state law in attempting to obtain the state agency's records.   Moreover, petitioner fails to rebut the presumed correctness of this finding with clear and convincing evidence in the form of probative summary judgment evidence.[2]   Nor do his references to the state court record present clear and convincing evidence rebutting the presumed correctness of the trial court's findings against him.   His conclusory allegations do not constitute probative evidence.  *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that mere conclusory statements on a critical issue are insufficient to raise a constitutional claim).   Regardless, petitioner fails to show that, but for appellate counsel's failure to raise this issue on direct appeal, he would have prevailed.

The state habeas court denied relief on petitioner's claims for ineffective assistance of counsel.   Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of *Strickland*, or was an unreasonable determination of the facts based on the evidence in the record.   No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

_____

[2]Contrary to petitioner's assertion, the trial court did not deny the motion to quash and for protective order filed by the state regulatory agency regarding the records.  R.R., Vol. 2, pp. 2–4.

### B.    Election of Specific Incident

Petitioner further complains that appellate counsel failed to challenge the trial court's failure to require an election by the State as to the specific instances of sexual assault it intended to prove at trial.   The jury charge in petitioner's case included the requested election; petitioner claims that he requested the State to make its election at the close of the State's case in chief, such that the election was untimely.

In his affidavit submitted to the trial court on collateral review, appellate counsel testified in relevant part as follows:

> To the best of my recollection [petitioner] never made any objection to the State's election or to the jury charge based on that ground at trial, and thus waived any error.

*Ex parte McQueen*, Application No. 36,763-03, pp. 560–61.

In denying habeas relief, the trial court found that the facts asserted by appellate counsel in the affidavit were true and that the affidavit was credible.   The trial court made the following relevant findings:

> 7.    The applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

> 8.    The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel.

18

*Ex parte McQueen*, pp. 555–57 (citations omitted).   The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

To prevail under this claim, petitioner must show that appellate counsel was deficient in failing to raise this issue on appeal and that, but for counsel's failure to raise this issue, he would have prevailed on appeal.

It is not this Court's province to review the state court's application and interpretation of state law.   Regardless, petitioner claims, and the record shows, that the trial court granted his pretrial motion for election on August 20, 2004.  C.R. at 551.  Petitioner did not request, and the trial court did not specify, the election to be made at any specific time.   At the end of the State's case in chief, petitioner requested that the State make its election.  R.R., Vol. 5, p. 164.  The trial court told petitioner that it was not time for the State to make an election. *Id*., pp. 165–66.  Later, after both sides rested and outside the presence of the jury, the trial court told the State to make its election; the State included the election in its proposed jury charge.  R.R., Vol. 7, pp. 51–52.  The election was then included in the jury charge given to the jury.

Petitioner argues that the State's "untimely" election prejudiced his ability to present a defense, and that appellate counsel should have raised the issue on appeal.  In support, petitioner cites *O'Neal v. State*, 745 S.W.2d 769, 772 (Tex. Crim. App. 1988), for its holding that, after the State rests its case in chief, in the face of a timely motion by the defense, the trial court commits state constitutional error if it fails to order the State to make its election.

19

However, *O'Neal* itself shows that such error is reviewed under the harmless error rule – that is, the defendant must establish that he sustained actual harm by the trial court's error. *See also Dixon v. State*, 201 S.W.3d 731, 734 (Tex. Crim. App. 2006) (holding that election error is analyzed under the harm standard applicable to constitutional errors). Thus, petitioner must establish that he was actually harmed by the timing of the State's election; only then can he proceed to show that, but for appellate counsel's failure to raise this issue on appeal, he would have prevailed.

Petitioner's arguments under this claim primarily focus on showing that the trial court erred in not forcing the State to "timely" make an election; scant attention is given to demonstrating harm under the circumstances beyond his conclusory statement that his defense was prejudiced. Consequently, petitioner fails to meet his burdens of proof under AEDPA and *Strickland*, and he does not establish that, but for appellate counsel's failure to raise this issue, he would have prevailed on appeal.

The state habeas court denied relief on petitioner's claims for ineffective assistance of counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of *Strickland*, or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

C.     Perjury

Plaintiff claims that appellate counsel failed to challenge the State's use of perjured testimony at trial.

In his affidavit submitted to the trial court on collateral review, appellate counsel testified in relevant part as follows:

> There is no evidence that the prosecutor used perjured evidence other than [petitioner's] allegation.   The fact that there were discrepancies will not generally be a ground of error since the appellate courts defer to juries on their resolution of fact issues.

*Ex parte McQueen*, Application No. 36,763-03, pp. 560–61.

In denying habeas relief, the trial court found that the facts asserted by appellate counsel in the affidavit were true and that the affidavit was credible.   The trial court made the following relevant findings:

> 7.     The applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.
>
> 8.     The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel.

*Ex parte McQueen*, pp. 555–57 (citations omitted).   The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

To prevail under this claim, petitioner must show that appellate counsel was deficient in failing to raise this issue on appeal and that, but for counsel's failure to raise this issue, he would have prevailed on appeal.

To constitute perjury under these circumstances, petitioner must show that (1) the testimony was false, (2) that the false testimony was material, and (3) that the prosecution offered the testimony knowing that it was false. *Giglio v. United States*, 405 U.S. 150, 153 (1972). Perjury is not established by showing contradictory witness testimony, inconsistencies within a witness's testimony, or conflicts among witnesses and other trial evidence. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990). These types of inconsistencies and conflicts are matters for the trier of fact to resolve. *Id.*

Petitioner's allegations of perjury in the instant case are either conclusory or are directed at contradictions and inconsistencies within or among the testimonies of various witnesses. These allegations do not constitute perjury. *Giglio*, 405 U.S. at 153; *Koch*, 907 F.2d at 531. Petitioner fails to present probative summary judgment evidence in support of his claim, and his conclusory allegations and arguments are insufficient to raise a genuine issue of material fact precluding summary judgment. Petitioner establishes neither perjury, deficient performance, nor prejudice.

The state habeas court denied relief on petitioner's claims for ineffective assistance of counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of *Strickland*, or was an unreasonable determination

22

of the facts based on the evidence in the record.  No basis for habeas relief is shown, and

respondent is entitled to summary judgment on this issue.

D.    Incomplete Record on Appeal

Petitioner alleges that the record on appeal was incomplete, and that appellate counsel

failed to correct the appellate record.  Specifically, he contends that the Reporter's Record

was incomplete in the following particulars:

> Specifically, the Repoter's [sic] Record (i) did not reflect portions of a
> statement which was made by the complainant during her trial testimony in
> which she stated, 'I did bleed the first time' (RR–5, Pg. 24); (ii) omitted a
> crucial portion of my trial objection during cross-examination of witness
> Gabriella Garcia, wherein the prosecutor asked Garcia, 'and based on all of
> these interviews and based on what you testified to, did you believe her' and
> the witness responded 'yes' and I objected on the basis that the question and
> answer invaded the province of the jury and that no one could vouch for the
> credibility of a witness, and the Trial Court sustained this objection and
> instructed the jury to disregard, but denied my request to have the question and
> answer stricken from the record, and also denied my request for a mistrial.
> (RR–6, Pg. 228-229); (iii) fails to reflect the written statement of witness
> Monica Revis, was not admitted into evidence even though the record reflects
> that Revis was allowed to read from her statement while testifying.  (RR–4,
> Pg. 25–26, 36–37); (iv) omits the Children's Assessment Center forensic
> videotape interview of the Complainant's statement given to the forensic
> interviewer Gabriela Garcia on March 20, 2001.  The videotape statement was
> requested by me for use at trial, and subsequently ordered by the court to be
> made part of the court records for appellate purposes, for use by the court of
> appeals to decide the merits of my sole point of error on appeal challenging the
> factual sufficiency of the evidence claim.  (RR–5, Pg. 188) (RR–6, Pg.
> 105–106).

(Docket Entry No, 1, p. 22.)   Petitioner also complains that the Clerk's Record was

incomplete, in that it:

(i) omitted the docket sheet for January 31, 2005, relating to the pretrial Motion to Quash Subpoena Duces Tecum hearing of the Texas Department of Protective and Regulatory Services ('CPS') investigation records pertainning [sic] to incident report numbers [deleted] . . [sic] (CR–8, Pg. 1405–1417) (CR–9, Pg. 1470–1482); (ii) omitted the confidential sealed investigation records from (CPS) that was [sic] allegedly reviewed 'in camera' by the Trial Court judge on January 31, 2005, (CR–8, Pg. 1366) (CR–9, Pg. 1431), involving incident number [deleted], which I subpoenaed; (iii) omitted the Trial Court minutes of the January 31, 2005 'in camera' review of (CPS/CAC) investigation records files and other related reports pertaining to incident report number [deleted] . . . (CR–8, Pg. 1366) (CR–9, p. 1341); (iv) [deleted as duplicative of Reporter Record omission]; (v) omitted the sealed records of the February 2, 2005, 'in camera' review of the Houston Police Department (HPD) investigations record related to incident report No. [deleted] (RR–5, Pg. 3, 6): (vi) omitted the trial transcripts from the Court Reporter [identity deleted] relating to a proceeding that was held on October 8, 2003, in the above entitled and numbered cause regarding the trial testimony of the Complainant [L.M.] which was filed with the 180th District Court Clerk on February 2, 2005 (RR–5, Pg.6–7), also there were several notices of intent to use child abuse victim 'hearsay statement' that were filed in the 209th District Court, see (EXHIBIT–6, A–B), which were refiled when the case was transferred to the 180th District Court (CR–8, Pg. 1109) (CR–9, Pg. 756), that were omitted.

(Docket Entry No, 1, p. 23.)

In his affidavit submitted to the trial court on collateral review, appellate counsel testified in relevant part as follows:

[Petitioner] informed me at some time during the appeal that the record was incomplete. I double checked with the court reporter who took the trial testimony and she assured me that the record was in fact a complete and accurate transcription of the trial proceedings. I saw nothing from my examination of the record to indicate otherwise.

*Ex parte McQueen*, Application No. 36,763-03, pp. 560–61.

24

In denying habeas relief, the trial court found that the facts asserted by appellate counsel in the affidavit were true and that the affidavit was credible.   The trial court made the following relevant findings:

> 7.   The applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.
>
> 8.   The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel.

*Ex parte McQueen*, pp. 555–57 (citations omitted).   The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

To prevail under this claim, petitioner must show that appellate counsel was deficient in failing to raise this issue on appeal and that, but for counsel's failure to raise this issue on appeal, he would have prevailed.

To the extent petitioner claims that certain testimony and objections are "missing" from the trial transcript, he fails to present probative summary judgment evidence of the existence of such testimony and objections.  Petitioner's conclusory allegations of a witness's purported  testimony or his own omitted objections do not constitute probative evidence establishing these omissions in the record.   To the extent petitioner claims that certain evidence or items do not appear in the Reporter's Record, petitioner fails to present probative summary judgment evidence that the items were admitted into evidence and that he provided

the exhibits to the court reporter for purposes of preparing the record.  Petitioner further fails to establish that, but for appellate counsel's failure to have these items included in the appellate record, he would have prevailed on appeal.  Nor does petitioner rebut with clear and convincing evidence, the presumed correctness of the trial court's findings that appellate counsel was not deficient and that petitioner was not prejudiced by appellate counsel's performance.

Petitioner's claims regarding materials "missing" from the Clerk's Record fail for similar reasons.  Petitioner presents no probative summary judgment evidence that these materials either exist, were duly filed with the trial court and became part of the court's record, or that the items were required under state law to be made part of the record on appeal.  Petitioner further fails to establish that, but for appellate counsel's failure to have these items included in the appellate record, there is a reasonable probability that the result of the appeal would have been different.  Nor does petitioner rebut with clear and convincing evidence, the presumed correctness of the trial court's findings that appellate counsel was not deficient and that petitioner was not prejudiced by appellate counsel's performance.

The state habeas court denied relief on petitioner's claims for ineffective assistance of counsel.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of *Strickland*, or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

E.    Insufficiency of the Evidence

Petitioner next asserts that appellate counsel was ineffective in failing to challenge the sufficiency of the evidence on appeal.  In his state habeas application, petitioner argued that he was "factually innocent" because there was "no evidence" to support his conviction.  *Ex parte McQueen*, p. 16.  Accordingly, the Court construes petitioner's claim as arguing that appellate counsel failed to challenge the legal sufficiency of the evidence on appeal.

In his affidavit submitted to the trial court on collateral review, appellate counsel testified in relevant part as follows:

> [Petitioner's] allegation on this point is unclear.  I did raise the factual sufficiency issue in the brief.  Since the complainant did testify to the alleged facts, the evidence was legally sufficient, i.e., a rational jury could have found the allegations true.

*Ex parte McQueen*, Application No. 36,763-03, pp. 560–61.

In denying habeas relief, the trial court found that the facts asserted by appellate counsel in the affidavit were true and that the affidavit was credible.  The trial court made the following relevant findings:

> 7.    The applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.
>
> 8.    The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel.

27

*Ex parte McQueen*, pp. 555–57 (citations omitted).  The Texas Court of Criminal Appeals

relied on these findings in denying habeas relief.

To prevail under this claim, petitioner must show that appellate counsel was deficient

in failing to raise a legal sufficiency challenge and that, but for counsel's failure to raise this

issue, he would have prevailed on appeal.  As stated by the intermediary state appellate court

in its opinion affirming petitioner's convictions,

> A grand jury indicted appellant for two counts of aggravated sexual assault.
> The State had to prove that appellant penetrated L.M.'s sexual organ with his
> sexual organ while she was younger than fourteen years old.  To prove its case,
> the State's case rested primarily on L.M.'s testimony.  L.M. testified
> concerning the details of the sexual assaults.  She was unequivocal regarding
> what happened, where it happened, and how it happened.  Although she could
> not place an exact time or age on each occurrence perfectly, that is not required
> – thus, the use of 'on or about' language in an indictment – and L.M. clearly
> placed her age at younger than fourteen during the time of the assaults.  L.M.'s
> testimony was sufficient to prove each element of the offense.
>
> *     *     *     *
>
> Regarding appellant's second theory – that the medical testimony proved
> conclusively he could not have sexually assaulted L.M. as alleged – it was
> evidence the jury was free to accept or reject.  Part of a jury's role is to resolve
> questions of witness credibility.  It is not uncommon to have dueling witnesses
> – including expert witnesses.  However, the jury is free to believe or disbelieve
> any witness's testimony, including experts.  We cannot now sit as the jury and
> decide to accept one expert's testimony over another's; this is especially true
> when the jury seems to have adopted one expert's view over the other's.  That
> is the jury's province.  Therefore, we determine that this expert's testimony
> was not so strong that the standard of proof could not be met.  We overrule
> appellant's sole issue.

*McQueen*, at *2–3 (citations omitted).

28

Neither petitioner nor the record before this Court establishes legal insufficiency of the evidence.  To the contrary, and as stated by appellate counsel in his affidavit, L.M.'s testimony as to the sexual assaults was sufficient to establish legally sufficient evidence to support the conviction; that is, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *See Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005).  When faced with conflicting evidence, the state appellate courts presume the trier of fact resolved conflicts in favor of the prevailing party.  *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, the conviction must be affirmed.  *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).  The evidence, as both found by the intermediary appellate court and as reviewed by this Court, meets the legal sufficiency standards under Texas state law.  Petitioner fails to establish that, but for appellate counsel's failure to challenge the legal sufficiency of the evidence on appeal, he would have prevailed.

The state habeas court denied relief on petitioner's claims for ineffective assistance of counsel.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of *Strickland*, or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

F.     Denial of a Hearing Under State Law

Petitioner complains that appellate counsel should have challenged the trial court's failure to hold a hearing under Article 38.072 of the Texas Code of Criminal Procedure regarding the State's designation of its outcry witness, Monica Revis.

Appellate counsel did not address this issue in his affidavit submitted to the trial court on collateral review.   Nevertheless, in denying habeas relief, the trial court made the following relevant findings:

> 7.     The applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.
>
> 8.     The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel.

*Ex parte McQueen*, pp. 555–57 (citations omitted).   The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

 To prevail under this claim, petitioner must show that appellate counsel was deficient in failing to raise this issue on appeal and that, but for counsel's failure to raise this issue on appeal, he would have prevailed.

Petitioner fails to meet his burden of proof under this issue.  Even assuming the trial court failed to provide a required hearing under Article 38.072, and assuming petitioner, acting as *pro se* trial counsel, properly preserved such error for appeal, petitioner fails to

establish that, but for appellate counsel's failure to raise this issue, he would have prevailed on appeal.  Under Texas law, the failure of trial counsel to request – or the trial court to hold – a hearing under Article 38.072 can constitute harmless error if the evidence of the criminal offense presented by the outcry witness is also presented by other witnesses, such that the outcry witness's testimony is cumulative.  *Lane v. State*, 151 S.W.3d 188, 192–93 (Tex. Crim. App. 2004); *see also Long v. State*, 821 S.W.2d 216, 217 (Tex. App.– Houston [14th Dist.] 1991, no pet.).  Because L.M. testified to the details of the sexual assaults in the instant case, the outcry witnesses's testimony of the same facts regarding the sexual assaults, even if hearsay, would not constitute reversible error.  *See id*.  Accordingly, petitioner fails to show that, but for appellate counsel's failure to challenge on appeal the trial court's failure to hold the hearing, there is a reasonable probability that the result of the appeal would have been different.

To the extent petitioner claims that appellate counsel failed to pursue his due process and right of confrontation complaints regarding the testimony of Monica Revis, the record does not show that petitioner, acting as *pro se* trial counsel, objected to the testimony on these grounds.  Because the issues were not preserved at the trial level, appellate counsel was not deficient in failing to raise them on direct appeal.

The state habeas court denied relief on petitioner's claims for ineffective assistance of counsel.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of *Strickland*, or was an unreasonable determination

of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

G.    Evidentiary Rulings

Under this ground, petitioner lists numerous other allegedly erroneous trial court rulings that appellate counsel should have challenged on appeal.  The specifics of these complaints were set out under the section "Evidentiary Rulings," *infra*.

In denying habeas relief, the trial court made the following relevant findings:

7.    The applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

8.    The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel.

*Ex parte McQueen*, pp. 555–57 (citations omitted).   The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

To prevail under this claim, petitioner must show that appellate counsel was deficient in failing to raise these issues on appeal and that, but for counsel's failure to raise the issues on appeal, he would have prevailed.

Petitioner presents no governing Texas law establishing that any of his evidentiary complaints constituted trial court error or, assuming error, that it constituted reversible error. To the contrary, petitioner's voluminous complaints regarding the trial court's evidentiary

32

rulings are supported by little more than his conclusory allegations of error. Petitioner fails to show that, but for appellate counsel's failures to raise these issues, he would have prevailed on appeal.

Construed liberally, petitioner's pleadings also assert that appellate counsel failed to complain that a state's medical witness was allowed to testify to the contents of another individual's medical report. Petitioner argues that this testimony violated his right of confrontation, constituted hearsay, and denied him a fair trial. However, the record shows that, in raising his objection at trial, petitioner acknowledged that "in all fairness the medical report is in my favor, it shows nothing occurred." R.R., Vol. 5, p. 87. Because the testimony regarding the report did not have a substantial and injurious effect or influence in determining the jury's verdict, federal habeas relief is unwarranted. *See Guidry v. Dretke*, 397 F.3d 306, 330–31 (5th Cir. 2005). Petitioner does not show that, but for appellate counsel's failure to raise these issues, he would have prevailed on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). No ineffective assistance of appellate counsel is demonstrated.

The state habeas court denied relief on petitioner's claims for ineffective assistance of counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of *Strickland*, or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

To the extent petitioner asserts ineffective assistance of appellate counsel as "good cause" for the procedural default of his earlier claims, the Court has determined that appellate counsel was not ineffective in these instances. Consequently, petitioner has failed to establish good cause and prejudice for his procedural defaults.

### *Prosecutorial Misconduct*

Petitioner claims that the State committed prosecutorial misconduct in presenting perjured testimony and improperly designating Monica Revis as the outcry witness. In denying these issues on collateral review, the trial court made the following relevant finding:

> 5.    The applicant fails to allege sufficient facts which, if true, would entitle him to relief with respect to his claim that the State engaged in misconduct by using perjured testimony and presenting false evidence at trial.

*Ex parte McQueen*, pp. 556 (citations omitted). The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

To establish a habeas claim based on the State's use of perjured testimony, a petitioner must establish that (1) the testimony was false, (2) that the false testimony was material, and (3) that the prosecution offered the testimony knowing that it was false. *Giglio v. United States*, 405 U.S. 150, 153 (1972). Perjury is not established by showing contradictory witness testimony, inconsistencies within a witness's testimony, or conflicts among witnesses and other trial evidence. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990). These types of inconsistencies and conflicts are matters for the trier of fact to resolve. *Id*.

34

In the instant case, petitioner supports his claims of perjury and other prosecutorial misconduct with examples of inconsistencies between and among the witnesses and between the expert witnesses.  These inconsistencies, standing alone, do not constitute perjury for purposes of prosecutorial misconduct.  Petitioner's assertions of perjured testimony are nothing more than conclusory allegations unsupported in the record, and are insufficient to raise a genuine issue of material fact precluding summary judgment.  *Koch*, 907 F.2d at 530 (holding that mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue).

Petitioner further asserts that the State violated Article 38.072 of the Texas Code of Criminal Procedure, which provides for the use of hearsay statements of a child sexual assault victim.  In denying habeas relief, the state courts necessarily found that the outcry witness statute was not violated.  It is not the function of a federal district court on habeas to review a state's interpretation of its own laws, and this Court will defer to the state courts' implied finding that the State did not violate article 38.072.

Petitioner fails to show that the state courts' determination was contrary to or involved an unreasonable application of Supreme Court precedent or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

35

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 14) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE.  A certificate of appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on February 29, 2012.

_____

Gray H. Miller
United States District Judge